## Commonwealth v. Kunz

*E. Stroud Weber*, District Attorney, for Commonwealth.

*Gilbert P. High*, for defendant.

CORSON, J., November 30, 1954.—The present proceeding in nonsupport was brought under the Act of July 13, 1953, P. L. 431. The title of this act, as set forth in section 1, is The Pennsylvania Civil Procedural Support Law.

Section 3 of the act provides that:

"The proceedings provided by this act are in addition to and not in substitution of proceedings provided by law where there is desertion or a failure of duty to support."

Section 5(*b*), under Commencement of Actions, provides:

"(b) A complaint may be filed by any person, including a minor wife, to whom a duty of support is owing. . . . It may be filed by any public body or public or private agency having any interest in the care, maintenance or assistance of any person to whom a duty of support is owing."

While the caption of the case apparently makes the Commonwealth a party, yet admittedly these proceedings were brought under the Act of 1953, supra, and not under the quasi-criminal Nonsupport Law of March 24, 1937, P. L. 105, providing for an arrest, hearing, bail, etc.

In the present case, in taxing the costs the clerk of courts charged as part of such costs a $10 fee to the district attorney. This admittedly would have been entirely proper if the proceedings had been begun by information, warrant, etc. The Act of 1953, however, as its title would indicate, is a civil proceeding which is not necessarily prosecuted by a district attorney but may be, and in this case apparently was, prosecuted by private counsel for complainant. This being a civil proceeding, we feel that the taxing of $10 to the district attorney was improper and therefore enter the following order:

And now, November 30, 1954, for the reasons given, defendant's exceptions to taxing of costs is sustained, and the taxing of the $10 fee to the district attorney is striken off.